## Meredith v. Commonwealth.

(Decided November 9, 1926.)

### Appeal from Edmonson Circuit Court.

1. Intoxicating Liquors.—Evidence held insufficient to authorize submission of defendant's participation in sale of liquor to jury.
2. Intoxcating Liquors.—That defendant accompanied purchasers seeking whiskey, without evidence that he was interested in sale

or that by prearrangement he guided purchasers, is insufficient to show that he aided and abetted sale.

MILTON CLARK for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

Appellant, Hez Meredith, has been convicted of unlawfully selling intoxicating liquor and appeals.

These facts appear: The prosecuting witness. Claude Houchins, testified that he and three other persons drove out from Brownsville, Kentucky, in an automobile seeking whiskey. They went to appellant's home and what occurred may perhaps best be given in the language of the witness: "Clel asked him if he had any whiskey and he said he didn't, and Clel asked him if he knew where was any at, and he said he didn't know that he did, and Clel said he wanted him to help him to find some whiskey and wanted him to go with us, and Clel kept begging him, and he said he would go with him awhile, and they got in the car and I stayed there in the road until they got back." The witness and one of the other occupants of the car remained in the road near appellant's home until the others returned. Appellant and the other two were away about an hour and a half and when they returned had two gallons of whiskey in fruit jars. Appellant got out at home, and all of the others with all of the whiskey proceeded on their way. No other facts were proved for the Commonwealth. Motion for a peremptory instruction for appellant was made which the trial court over-ruled. Appellant for himself thereupon testified to exactly the same facts occurring at his home as did the witness for the Commonwealth. He further testified that he and the two other persons drove for some distance, passing out of Edmonson into Grayson county; by chance met Simon Decker on the highway, with whom he wanted to talk about some work on the farm; that he got out of the car and talked with Decker for some time; that the other two occupants of the car drove on and after about three-quarters of an hour returned to where he and Decker were and then had the two gallons of whiskey with them. He testified that he did not own or have any interest in the whiskey so purchased and did

not know from whom it had been purchased. No other testimony was heard, and, over appellant's objection, the case was submitted to the jury, whose verdict of guilty was founded upon the facts above. We are constrained to hold that the evidence herein was not sufficient to overcome the legal presumption of appellant's innocence and to authorize a submission of the question of his guilt or innocence to the jury. The mere fact that he accompanied the persons who were trying to find anyone with whiskey to sell without any evidence that he was in any way interested in it, or that his so doing was part of an arrangement between him and the vendor of the whiskey whereby he was to guide prospective purchasers to him, seems wholly insufficient to constitute evidence that he aided and abetted whoever sold it. There was no evidence that appellant himself sold the whiskey. On the other hand, the evidence all was that he had none for sale. They traveled too far and were gone too long from appellant's home where they found him to create even a suspicion that his declaration that he had no whiskey was a mere ruse or subterfuge and that the whiskey afterwards purchased actually belonged to him and was sold by him. With this view of the evidence we can not but hold that the trial court erred in refusing the peremptory instruction to find him not guilty offered by appellant at the close of the testimony. That conclusion makes it unnecessary to decide the other questions presented by appellant.

Judgment reversed and cause remanded, with direction that appellant be granted a new trial, and for other proceedings consistent herewith.